

*New York Office*
*40 Rector Street, 5th Floor*
*New York, NY 10006-1738*
*T. (212) 965 2200 F. (212) 226 7592*
*www.naacpldf.org*

*Washington, D.C. Office*
*1444 Eye Street, NW, 10th Floor*
*Washington, D.C. 20005*
*T. (202) 682 1300 F. (202) 682 1312*

October 27, 2017

**VIA ECF**

The Honorable Andrew L. Carter Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> Re: <u>**NAACP Legal Defense and Educational Fund, Inc., et al. v. Trump, et al.,**</u>
> <u>**17 Civ. 05427 (ALC)**</u>

Dear Judge Carter:

Plaintiffs respectfully write to request that the Court set a scheduling conference pursuant to Fed. R. Civ. P. 16(b)(1)(B), or in the alternative hold a pre-motion conference to discuss our anticipated motion to compel Defendants to satisfy their obligations under Fed. R. Civ. P. 26(f).

It is well-settled that a motion to dismiss does not automatically stay discovery, nor is there any order imposing such a stay here. Yet, Defendants have declined to participate in a discovery conference. This is in clear violation of their obligations under the Federal Rules. Rule 26(f)(1) requires the parties to "confer as soon as practicable -- and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Under Rule 16(b)(2), a scheduling order is due "as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Under Rule 16(b)(1)(B) a scheduling order must be issued after the receipt of a Rule 26(f) report or after consultation at a scheduling conference.

As Defendants first appeared in this action more than 60 days ago, *see* August 3, 2017 Notice of Appearance of Elizabeth J. Shapiro (Doc. No. 24), the parties' obligations under Rule 26(f) are now ripe. Consistent with Rule 26(f), Plaintiffs requested an in-person conference with Defendants to "discuss a discovery schedule." (Ex. A). Defendants responded that discovery was not appropriate given their forthcoming motion to dismiss, relying on *Boelter v. Hearst Communications, Inc.*, No. 15 civ. 934, 2016 WL 361554 (S.D.N.Y. Jan. 28, 2016). (Ex. B). On October 16, pursuant to Fed. R Civ. P. 26(a)(1), counsel for Plaintiffs explained that "a pending motion to dismiss is not an automatic ground for a stay of discovery" and that the parties should move forward with discussing the timing and breadth of discovery. (Ex. C). Defendants again responded that they would not meet and confer regarding a discovery schedule because of their pending motion to dismiss. (Exh. D). Plaintiffs asked Defendants to confirm that they were



declining to participate in a Rule 26(f) conference. (Ex. E).  Defendants replied on October 25 that a Rule 26(f) conference was not "appropriate or required" at this time, relying partly on the Court's October 16, 2017 Order, which did not address the filing of a discovery plan. (Ex. F). Finally, on October 26, Plaintiffs informed Defendants of their intention to seek a pre-motion conference regarding their anticipated motion to compel a 26(f) conference and again asked Defendants to meet and confer. (Ex. G). In their response, Defendants asked that we direct the Court's attention to their email. (Ex. H).

Defendants decline to participate in discovery even though they have never requested a stay. If Defendants did seek such a stay, it would be their burden to show good cause for one. *See Mirra v. Jordan*, No. 15-CV-4100, 2016 WL 889559, at *2-3 (S.D.N.Y. Mar. 1, 2016) ("The party seeking a stay of discovery bears the burden of showing good cause."); *see also Obiajulu v. City of Rochester, Dep't of Law*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) ("The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure."). Should Defendants seek to stay discovery, Plaintiffs request the opportunity to respond directly as to why Defendants cannot meet their burden.

The case relied upon by Defendants, *Boelter v. Hearst Commc'ns, Inc.*, 2016 WL 361554 does not support Defendants' refusal to participate in a 26(f) conference. *Boelter* does not hold that the parties should not have a 26(f) conference or that discovery is automatically stayed once a motion to dismiss is pending. On the contrary, it confirms that a party seeking to stay discovery must establish "good cause" for the stay. *Id.* at *4. The Court simply found that the defendants had met their burden, after considering all relevant factors, including the scope of discovery sought and the burden in responding to this discovery, and the arguments raised in the defendants' motion to dismiss. *Id*. at *4-5.

As set forth in Plaintiffs' response (Doc No. 56) to Defendants' letter requesting a pre-motion conference for their anticipated Motion to Dismiss (Doc. No. 49), the Defendants are unlikely to prevail on their Motion to Dismiss under either Rule 12(b)(1) or Rule 12(b)(6). During the pre-motion conference, the Court focused specifically on whether it would obviate one of Defendants' standing arguments if Plaintiffs clarified that at least certain Plaintiffs have already diverted resources. Plaintiffs have now made clear that certain Plaintiffs have indeed done so in their Second Amended Complaint filed October 20, 2017. Doc No. 66, ¶¶ 4-5, 15, 20-21, 24, 33. This is no longer an issue.



Moreover, Defendants did not raise any argument disputing Plaintiffs' standing to challenge the Commission under the Federal Advisory Committee Act ("FACA") in their pre-motion letter or during the conference, despite having the opportunity to do so.[1] Plaintiffs have "suffer[ed] an injury-in-fact sufficient to confer standing" under FACA based on the apparent and stark absence of balanced representation on the Commission. *Nat'l Anti-Hunger Coal. v. Exec. Comm. of President's Private Sector Survey on Cost Control*, 711 F.2d 1071, 1074 n.2 (D.C. Cir. 1983) ("[P]ersons or groups directly affected by the work of a particular advisory committee [must] have some representation on the committee.").

Given the strength and specificity of Plaintiffs' pleadings, it is unlikely that this Court would hold that none of the Plaintiffs have standing and/or dispose of all of Plaintiffs' claims. Yet, Defendants have unilaterally decided that the parties cannot hold a 26(f) conference without having any information about the timing or the scope of discovery Plaintiffs seek. In fact, Plaintiffs intend to seek only specific and targeted discovery while the motion to dismiss is pending. Specifically, Plaintiffs intend to seek limited discovery about: the formation of the Commission (e.g., how commissioners were selected); what information the Commission has requested or received from other federal agencies; and how the Commission has used and intends to use the state voter files it has collected. Much of this information has already been collected and reviewed, if not produced, in related litigation. *See*, *e.g.*, Defs.' Not. of Filing re Order on Mot. for Misc. Relief, Ex. 3, Doc. Index, *Lawyers' Comm. for Civil Rights Under Law v. Pres. Advisory Comm'n on Elec. Integ.*, No. 1:17-cv-01354 (D.D.C. Sept. 29, 2017), ECF No. 33. Further, this information is particularly significant given the information revealed after the pre-motion conference that the Commission already had, on secondment, a researcher from the Office of Special Counsel.[2] Discovery about the scope of the Commission's activities thus far is also important because it undermines the Defendants' apparent argument that the Commission's chilling effect is too speculative to support standing. Accordingly, there is no reason to stay discovery. Finally, the Court's October 16, 2017 scheduling order regarding filing of the Second Amended Complaint and briefing of Defendants' motion to dismiss in no way addresses, much less alters, the parties' obligations under Rule 26(f).

---

[1] Defendants also did not dispute Plaintiffs' argument that the Commission is not fairly balanced under FACA, and there is no serious dispute that Mandamus is available to Plaintiffs on this claim. *See Judicial Watch, Inc. v. U.S. Dep't of Commerce,* 736 F. Supp. 2d 24, 31 (D.D.C. 2010) (holding that plaintiff could bring claim for alleged FACA violations under the Mandamus Act).

[2] John Wagner, *Trump voter fraud commission researcher arrested on child pornography charges,* Wash. Post, Oct. 14, 2017, https://www.washingtonpost.com/news/post-politics/wp/2017/10/14/trump-voter-fraud-commission-researcher-arrested-on-child-pornography-charges/?utm_term=.8203b63b4882



                                        Respectfully submitted,

                                        */s/* Rachel Kleinman

Cc:     All counsel of record (via ECF)