

**U.S. Department of Justice**
Civil Division
Federal Programs Branch

20 Massachusetts Avenue, N.W.
Washington, D.C. 20530

---

Kristina A. Wolfe  Tel: (202) 353-4519
Trial Attorney  kristina.wolfe@usdoj.gov

November 3, 2017

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square, Room 435
New York, NY 10017

      Re:  *NAACP Legal Defense & Educational Fund, Inc., et al. v. Donald J. Trump, et al.*,
           No. 17-cv-05427 (ALC)

Dear Judge Carter:

      Defendants respectfully write in response to plaintiffs' letter requesting a scheduling conference, or alternatively, a pre-motion conference to discuss their position with respect to the appropriateness of discovery during the pendency of defendants' forthcoming motion to dismiss. Defendants contend that discovery would be inappropriate during the pendency of their dispositive motion, which will raise threshold jurisdictional issues and questions regarding the sufficiency of plaintiffs' claims. If the Court views discovery at this juncture as an open issue, defendants respectfully request a pre-motion conference to discuss a motion to stay discovery during the pendency of their motion to dismiss, including any obligations under Fed. R. Civ. P. 26(f).

      As set forth in plaintiffs' letter, Rule 26(f) requires the parties to confer regarding a proposed discovery plan "at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." In turn, Rule 16(b) requires the Court to issue a scheduling order "after receiving the parties' report under Rule 26(f)" or after consulting with the parties at a scheduling conference. Rule 16(b) further instructs that the Court must, absent a finding a good cause, issue a scheduling order within 60 days after any defendant has appeared.

      In accordance with Rule 16(b), the Court issued an order on September 26, 2017, scheduling the initial pretrial conference for October 13, 2017. ECF No. 57. The order directed the parties to be prepared to discuss defendants' anticipated motion to dismiss. *Id.* On October 12, 2017, the Court issued a second order directing defendants to be prepared to discuss two additional topics: the current status of the Presidential Advisory Commission on Election Integrity and the posture of related lawsuits. ECF No. 64. Neither order directed the parties to submit a Rule 26(f) report prior to the initial pretrial conference. Nor did either order direct the parties to be prepared to discuss discovery-related issues. Plaintiffs' counsel did not contact counsel for

defendants prior to October 13, 2017, the day of the scheduled conference. Nor did defendants contact plaintiffs, based on the reasonable understanding that the scheduling conference to discuss defendants' forthcoming dispositive motion would result in a scheduling order governing upcoming proceedings.

At noon on the day of the initial pretrial conference, without any prior notice and shortly after undersigned counsel arrived in New York, plaintiffs' counsel sent an email requesting that the parties meet at the courthouse prior to the conference to discuss a discovery schedule. *See* Pls.' Ltr., Ex. A, ECF No. 67. Undersigned counsel responded that defendants did not believe discovery was appropriate during the pendency of their forthcoming motion to dismiss and that they were prepared to discuss their position during the conference. *See id.*, Ex. B. Plaintiffs' counsel, however, did not raise the issue of discovery during the conference – even though the Court expressly asked the parties if there were additional issues that needed to be addressed. On October 16, 2017, the Court entered a scheduling order directing plaintiffs to file a Second Amended Complaint and setting a briefing schedule for defendants' motion to dismiss. ECF No. 65.

Plaintiffs' counsel subsequently sent three additional emails requesting that the parties meet and confer regarding a discovery plan. *See* Pls.' Ltr., Exs. C, E, G. In response to each message, undersigned counsel repeated defendants' position that discovery was not appropriate during the pendency of their forthcoming motion to dismiss, especially in light of the Court's October 16, 2017, scheduling order and the jurisdictional nature of the issues to be addressed. *See id.* Exs. D, F, H. Undersigned counsel also noted that plaintiffs' counsel had mischaracterized their position as a refusal to "meet-and-confer." *See id.*, Ex. H. Undersigned counsel explained that the parties' failure to agree on the need for a discovery plan prior to the resolution of defendants' dispositive motion does not constitute a refusal to meet and confer. *Id.* Rather, it demonstrates the parties' inability to reach an agreement during the conferral process. *Id.*

With the parties at an impasse, plaintiffs now request that the Court schedule a second initial pretrial conference, or a pre-motion conference, to discuss their desire to conduct discovery during the pendency of defendants' motion to dismiss. Plaintiffs' request ignores the current scheduling orders, in which the Court implicitly exercised its broad discretion to delay discovery until it has resolved defendants' forthcoming dispositive motion. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (Rule 26 "vests the trial judge with broad discretion to . . . dictate the sequence of discovery."). It also fails to acknowledge that plaintiffs could have avoided this impasse by timely raising their request at the October 13 conference. Plaintiffs' request for a second initial pretrial or, alternatively, a pre-motion conference should, therefore, be denied.

Alternatively, the Court should schedule a pre-motion conference to discuss defendants' anticipated motion to stay discovery pending resolution of their motion to dismiss. Pursuant to Rule 26(c), "a court has discretion to stay discovery 'for good cause.'" *Boelter v. Hearst Comm'n, Inc.*, No. 15 Civ. 03934, 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016). "'Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay.'" *Id.* (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)). Courts should also consider the "breadth of discovery sought and the burden of responding to it." *Boelter*, 2016 WL 361554, at *4. Good cause exists to stay discovery during the pendency of defendants' motion.

2

First, defendants, in their pre-motion letter, identified "substantial arguments for dismissal" of the case in its entirety, including on jurisdictional grounds.  *See* ECF No. 49; *see also Boelter*, 2016 WL 361554, at *5 (granting motion to stay discovery during pendency of motion to dismiss in part because "none [of the arguments] are frivolous" and resolution of the motion may result in dismissal of the entire action).  Plaintiffs assert that with the filing of their Second Amended Complaint they have cured any jurisdictional defects in their claims.  *See* Pls.' Ltr. at 2.  Plaintiff's amended complaint purports to cure standing defects; it does not address the myriad other defects defendants identified in their pre-motion letter addressing defendants' forthcoming motion to dismiss. For example, contrary to plaintiffs' assertion that defendants have not challenged the Court's jurisdiction with respect to their claim under the fair balance and inappropriate influence provisions of the Federal Advisory Committee Act ("FACA"), 5 U.S.C. app. 2 § 5.  *Id.* at 3, defendants' pre-motion letter argued that plaintiffs' FACA claim is non-justiciable for lack of manageable standards, and that this Court therefore lacks jurisdiction over this claim.  *See* ECF No. 49 (citing *Pub. Citizen v. Nat'l Advisory Comm. on Microbiological Criteria for Foods*, 886 F.2d 419, 426 (D.C. Cir. 1989) (Silberman, J., concurring in the judgment)).  Further, plaintiffs overlook the fact that defendants' motion also will seek dismissal for failure to state a claim upon which relief may be granted.  *See* ECF No. 49. If the Court grants defendants' motion to dismiss, either because the Court lacks jurisdiction or because plaintiffs have failed to state a claim upon which relief may be granted, it would obviate the need for the parties to engage in discovery; thus rendering the Rule 26(f) conference and report moot.

Next, it is well settled that "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."  *Spinelli v. Nat'l Football League*, No. 13 Civ. 7398, 2015 WL 7302266, *2 (S.D.N.Y. Nov. 17, 2015).  Indeed, "[a]t this stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice." *Id.*  Nor do plaintiffs contend otherwise.[1]  Further, any delay in discovery will be brief as defendants' motion to dismiss will be ripe for resolution as of December 20, 2017.  ECF No. 65.

Finally, the Supreme Court has cautioned that, where "discovery requests are directed to the Vice President and other senior Government officials who serve on a [committee] to give advice and make recommendations to the President, "special considerations control" regarding "the Executive Branch's interests in maintaining the autonomy of its office and safeguarding the confidentiality of its communications."  *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 386 (2004).  Plaintiffs' proposed discovery – which relates to the formation of the Commission, its communications with federal agencies, and its preliminary plans for using the voter information it has collected – does not comport with this direction.  A stay, however, would comport with *Cheney* by limiting any discovery to only those claims the Court deems viable.  *See Spinelli*, 2015 WL 7302266, at *2 (a stay would "simplify[] and shorten[] discovery . . . by limiting the scope of the parties' inquiry to claims that have been established as potentially viable."); *see also id.* (citing *Nietzke v. Williams*, 490 U.S. 319, 326-27 (1989) ("noting that the Rule 12(b)(6) motion to dismiss streamlines litigation by dispensing with needless discovery and factfinding")).

---

[1] Although plaintiffs suggest that discovery might be relevant to the issue of standing, they do not request jurisdictional discovery for that, or any other purpose.  *See generally* Pls.' Ltr.  Moreover, defendants' anticipated arguments about standing concern activities taken by the *plaintiffs*, not activities allegedly taken by the defendants.

                    Respectfully submitted,

                    */s/ Kristina A. Wolfe*
                    ELIZABETH J. SHAPIRO
                    CAROL FEDERIGHI
                    KRISTINA A. WOLFE
                    JOSEPH E. BORSON
                    United States Department of Justice
                    Civil Division, Federal Programs Branch
                    P.O. Box 883
                    Washington, DC 20044
                    Phone: (202) 353-4519
                    Email: kristina.wolfe@usdoj.gov

                    *Counsel for Defendants*

CC: Opposing Counsel (by ECF)