

**U.S. Department of Justice**

Civil Division
Federal Programs Branch

20 Massachusetts Avenue, N.W.
Washington, D.C. 20530

Kristina A. Wolfe                                                    Tel:  (202) 353-4519
Trial Attorney                                                       kristina.wolfe@usdoj.gov

November 13, 2017

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square, Room 435
New York, NY 10017

      **Re:**  *NAACP Legal Defense & Educational Fund, Inc., et al. v. Donald J. Trump, et al.,*
          **No. 17-cv-05427 (ALC)**

Dear Judge Carter:

      Defendants respectfully submit that good cause exists to stay discovery pending resolution of their forthcoming motion to dismiss.  As previewed in defendants' pre-motion letter, ECF No. 49, defendants have identified "substantial arguments" for dismissal of the case in its entirety. *Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Proceeding with discovery during the pendency of defendants' forthcoming motion to dismiss would be burdensome to both defendants and the Court given that plaintiffs' proposed discovery targets the confidential communications of the Office of the Vice President and will likely result in additional litigation – litigation that may be unnecessary if the Court grants defendants' motion in whole or in part.  Furthermore, because defendants' forthcoming motion will be fully briefed by December 20, 2017, and will "potentially eliminate[] the entire action," a stay of discovery pending the Court's resolution of the motion will not prejudice plaintiffs.  *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002); *see also Boelter v. Hearst Comm., Inc.*, No. 15 Civ. 03934, 2016 WL 361554 (S.D.N.Y. Jan. 28, 2016).

      First, contrary to plaintiffs' assertion, plaintiffs' Second Amended Complaint does not cure the jurisdictional defects of their prior complaints because plaintiffs do not allege that they have suffered at least "a perceptible impairment" of their organizational activities.  *N.Y. Civil Liberties Union v. N.Y. City Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2012).  Indeed, neither LDF nor Florida NAACP have demonstrated that they have incurred any additional costs as a result of their efforts to counteract the Commission's activities.  *See Nnebe v. Daus*, 644 F.3d 147, 157 (2d Cir. 2011).  The claims of #HealSTL NAACP Pennsylvania, SVREP, LCLAA, and MVA regarding future diversion of resources are too speculative and, with respect to their current efforts, too generalized to support standing.  *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401 (2013). And TOPS and the Hispanic Federation have not alleged that their efforts in response to the

Commission are distinct from their regular activities. *See N.Y. Civil Liberties Union*, 684 F.3d at 294. In addition, none of plaintiffs' alleged injuries, which are predicated on the "chilling effect" the Commission and its activities purportedly have on voter registration, are fairly traceable to the Commission. *See Clapper*, 568 U.S. at 416; *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972). Finally, the Second Amended Complaint does not demonstrate that plaintiffs have third-party standing to assert claims based on the alleged violation of the constitutional rights of voters of color. *See Kowaski v. Tesmer*, 543 U.S. 125, 129 (2004).

Standing, moreover, is not the only issue dispositive of the case. Defendants have also identified substantial arguments supporting dismissal of the case for failure to state a claim. With respect to plaintiffs' FACA claim, the justiciability of the Act's fair balance and inappropriate influence provisions is an issue of first impression in the Second Circuit. Both the Ninth and the Tenth Circuits have reached conclusions similar to Judge Silberman's concurrence in *Pub. Citizen v. Nat'l Advisory Comm. on Microbiological Criteria for Foods*, 886 F.2d 419 (D.C. Cir. 1989), which found that those provisions are non-justiciable for lack of manageable standards. *See Ctr. for Policy Analysis on Trade & Health ("CPATH") v. Office of U.S. Trade Representative*, 540 F.3d 940 (9th Cir. 2008); *Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221 (10th Cir. 2004). The Fifth Circuit's decision in *Cargill, Inc. v. United States*, 173 F.3d 323 (5th Cir. 1999), is hardly persuasive as it "offers little explanation" as to why the fair balance and inappropriate influence provisions of FACA are justiciable. *CPATH*, 540 F.3d at 946. Moreover, because FACA does not provide a private right of action, *Freedom Watch v. Obama*, 807 F. Supp. 2d 28, 32-33 (D.D.C. 2011), and because the Commission is not an agency subject to the Administrative Procedure Act, plaintiffs can proceed, if at all, only through the "drastic and extraordinary" writ of mandamus, *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004). But mandamus is unavailable here because plaintiffs cannot demonstrate that defendants violated a "clear, nondiscretionary duty" imposed by FACA given that the Act's fair balance and inappropriate influence provisions give defendants broad discretion with respect to those issues.

Plaintiffs' claim that the President has violated Article II of the Constitution and impermissibly intruded into functions expressly delegated by Congress to other agencies ignores the executive powers under section 3 of Article II of the Constitution and the existence of FACA specifically authorizing commissions such as the present one. Plaintiffs are also unlikely to prevail on their constitutional claims because the premise that a desire to prevent voter fraud necessarily embodies an intent to discriminate on the basis of race or color has been rejected by the Supreme Court. *Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 196 (2008).

Second, plaintiffs' proposed discovery is unduly burdensome because it seeks communications from among the Vice President's staff. Plaintiffs' argument that the Commission "is composed of non-federal government officials" and, as a result, "[t]here are no 'special considerations' that would justify limiting document discovery," Pls.' Letter, ECF No. 71 at 2, blatantly ignores the fact that the Commission is chaired by the Vice President and the Commission's staff is comprised of individuals employed by the Office of the Vice President. The Supreme Court has made clear that "[t]he high respect that is owed to the Office of the Chief Executive . . . is a matter that should inform . . . the timing and scope of discovery, . . . and that the Executive's constitutional responsibilities and status [are] factors counseling judicial deference and restraint[.]" *Cheney*, 542 U.S. at 385 (internal citations omitted). The Office of the Vice

President has a strong interest in "safeguarding the confidentiality of its communications," *id.* at 386, and being required to submit to discovery prior to a determination of the viability of plaintiffs' claims is inconsistent with the Supreme Court's proscriptions.  At a minimum, this Court should, consistent with the Supreme Court's admonishment, evaluate defendants' motion to dismiss on a fully briefed record before determining whether it is appropriate to burden the Office of the Vice President with discovery requests at this stage of the litigation.  Further, discovery at this stage, before the issues are better defined, will almost certainly lead to objections, the litigation of which will burden both the parties and the Court – unnecessarily if the motion to dismiss is granted.

Finally, there is no prejudice to plaintiffs in staying discovery during the pendency of defendants' forthcoming motion to dismiss.  Defendants' motion to dismiss will be ripe for resolution on December 20, 2017.  "At this stage in the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more does not amount to unfair prejudice." *Spinelli v. Nat'l Football League*, No. 13 Civ. 7398, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015).  Plaintiffs argue that "the lack of discovery prohibits [them] from fully addressing" defendants' "representations that the Commission is not 'investigating' voters."  Pls.' Letter at 3. But plaintiffs do not assert that such discovery is needed to respond to defendants' forthcoming motion to dismiss, nor do they claim the need for any jurisdictional discovery.  Indeed, they offer no explanation for why merits discovery must proceed before the Court resolves defendants' forthcoming dispositive motion.  Plaintiffs may, if appropriate, have the opportunity to seek appropriately tailored discovery if the Court determines that it has subject matter jurisdiction to consider at least one of plaintiffs' claims.  Accordingly, staying discovery until the Court rules on defendants' forthcoming motion to dismiss will not unduly prejudice plaintiffs.  *See Boelter*, 2016 WL 361554, at * 4 (granting stay of discovery where the "Plaintiff ha[d] not demonstrated that discovery is necessary to rebut Defendant's arguments");  *Negrete v. Citibank, N.A.*, No. 15 Civ. 7250, 2015 WL 8207466, at * 2 (S.D.N.Y. Dec. 7, 2015) (holding that a stay of discovery would cause "little or no prejudice" where the case was "in its infancy," and plaintiffs did "not explain why delay would prejudice their case more than the Defendants").

In sum, good cause exists for staying discovery during the pendency of defendants' motion to dismiss.  Defendants have identified substantial arguments supporting dismissal of this action for lack of subject matter jurisdiction, as well as for failure to state a claim for which relief may be granted.  If the Court grants defendants' motion, discovery and its attendant burdens would be unnecessary.  Additionally, a stay during the pendency of defendants' dispositive motion, at this stage of the litigation, does not impose undue prejudice on plaintiffs – especially given that they have made no representation that their proposed discovery is necessary to respond to defendants' motion.  Moreover, "[i]n balancing [these] factors," courts should be "mindful of the[ir] . . . obligation not to proceed unnecessarily with merits discovery in a case over which the Court may lack subject matter jurisdiction."  *Hong Leong Fin. Ltd.*, 297 F.R.D. at 75 (citing *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990) ("[G]enerally a plaintiff may be allowed limited discovery with respect to the jurisdictional issue; but until [it] has shown a reasonable basis for assuming jurisdiction, [it] is not entitled to any other discovery.")).  Defendants' motion to stay discovery until the Court resolves its forthcoming motion to dismiss should, therefore, be granted.

Respectfully submitted,

*/s/ Kristina A. Wolfe*
ELIZABETH J. SHAPIRO
CAROL FEDERIGHI
KRISTINA A. WOLFE
JOSEPH E. BORSON
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC 20530
Phone: (202) 353-4519
Email: kristina.wolfe@usdoj.gov

*Counsel for Defendants*

CC: Counsel of Record (by ECF)