

**U.S. Department of Justice**
Civil Division
Federal Programs Branch

| **Mailing Address** | **Overnight Delivery Address** |
|---|---|
| P.O. Box 883 | 950 Pennsylvania Ave., N.W. |
| Washington, D.C. 20044 | Washington, D.C. 20530 |

Carol Federighi  (202) 514-1903
Senior Trial Counsel  carol.federighi@usdoj.gov

December 22, 2017

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square, Room 435
New York, NY 10017

      Re:  *NAACP Legal Defense & Educational Fund, Inc., et al. v. Donald J. Trump, et al.*, No. 17-cv-05427 (ALC)

Dear Judge Carter:

      Defendants respectfully write to advise the Court of the recent decision from another court in this District in *Citizens for Responsibility and Ethics in Washington v. Trump*, No. 17 Civ. 458 (S.D.N.Y. Dec. 21, 2017) ("*CREW v. Trump*") (attached).  That decision addresses the question of the standing of an advocacy organization to sue on its own behalf (slip op. at 17-25), which is at issue in the government's pending motion to dismiss.  *See* Dkt. No. 78-1, at 7-13; Dkt No. 80, at 2-3.

      In *CREW v. Trump*, the advocacy organization, CREW, claimed that its injury was the "diversion[] of CREW's communications, legal, and research resources . . . and [the] impairment of its programmatic functions" necessitated by Defendant Trump's actions.  Slip op. at 18.  CREW asserted, *inter alia*, that "it has had to devote significant resources to identify and counteract Defendant's alleged violations of the Emoluments Clauses, including through . . . its efforts to explain the alleged violations to stakeholders, including the press, and assist and counsel others in counteracting Defendant's alleged violations." *Id.*

      The court held that these asserted injuries were insufficient to establish CREW's Article III standing.  Of relevance here, the court wrote that "CREW's entire reason for being is to investigate and combat corruption and reduce the influence of money in politics through, among other things, education, advocacy, and litigation. . . .  CREW is thus not wasting resources by educating the public and issuing statements concerning the effects of Defendant's alleged constitutional violations or even by filing suit; this is exactly how an organization like CREW spends its resources in the ordinary course."  Slip op. at 23.  The court concluded that "[i]t therefore stands to reason that spending resources to investigate and challenge Defendant's

alleged violations of the Domestic and Foreign Emoluments Clauses does not itself impose on CREW a concrete or particularized injury." *Id.*

              Respectfully submitted,

              */s/ Carol Federighi*
              ELIZABETH J. SHAPIRO
              CAROL FEDERIGHI
              KRISTINA A. WOLFE
              JOSEPH E. BORSON
              United States Department of Justice
              Civil Division, Federal Programs Branch
              P.O. Box 883
              Washington, DC 20044
              Phone: (202) 514-1903
              Email: carol.federighi@usdoj.gov

              *Counsel for Defendants*

CC: Opposing Counsel (by ECF)